## Straw v. Lake City Borough

*Knox, Weber, Pearson & McLaughlin,* for plaintiffs.

*Lindley R. McClelland,* for defendant.

EVANS, P. J., June 20, 1962.—This matter is before the court on motion for judgment on the pleadings.

Plaintiffs brought action in their own behalf and as representatives of others as a class to question the legality of an assessment by the officials of Lake City, Pennsylvania, for certain highway improvements. It is contended by plaintiffs that the interests of those represented as part of the class have in common the same questions of law and fact.

It is specifically contended that the improvements on two streets in the borough of Lake City were separately advertised for bids, but completed illegally under one contract; assessments against abutting property on Rice Avenue and Lake Street were improperly joined and apportioned; and that the liens were not filed until after six months following the completion of the project.

We conclude that this is not such a class action as was contemplated by Rule of Civil Procedure 2230.

According to the complaint filed, there are but 16 properties and owners thereof involved. All of these can adequately protect themselves individually if and when an attempt to collect is made.

Furthermore, there is one other phase of the matter which requires that we refuse to entertain this class action. It will not terminate the litigation as to any of those named as part of the class other than plaintiffs themselves. The answer includes the defense of laches and estoppel which may be a proper defense as to some of the asserted class, but not as to others. Also is the fact that inasmuch as the assessment was made on the "foot frontage" basis, there will remain a possible defense that the mathematical calculation was in error.

These plaintiffs owning one property have an interest which is slight in proportion to the over-all assessment total, and have a full and adequate remedy at law by way of defense to any sci. fa. which may be issued on their assessment.

And now, June 20, 1962, judgment on the pleadings is entered without prejudice for defendant.